UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERNON HOWARD MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-1722 RLW |
| ) | |
| FRANCIS G. SLAY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $9.62.[1] Additionally, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.* Plaintiff has submitted a prison account statement; however, it only covers the last three month period prior to the filing of the complaint in this Court. A review of plaintiff's account indicates an average monthly deposit of $48.11, and an average monthly balance of $30.25. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.62, which is 20 percent of plaintiff's average monthly deposit.

"[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff is an inmate at the St. Louis Medium Security Institution ("MSI"). He sues Mayor Francis G. Slay, Jeffrey Carson and Jerome Fields.

Plaintiff claims that MSI has no legal library and he cannot proceed pro se for his criminal trial because he is unable to do legal research on his claims. Plaintiff admits, however, that he has been assigned a public defender in his criminal action.

Plaintiff seeks monetary damages and injunctive relief.

### Discussion

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about a defendant's capacity, a Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v.*

2

*Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the alleged constitutional violations, the complaint fails to state a claim or cause of action under § 1983 as to defendants in their official capacities. As a result, these defendants must be dismissed.

As additional grounds for dismissing this action, the Court finds that plaintiff's allegations do not rise to the level of a constitutional violation and are legally frivolous. Plaintiff's claim that he was denied access to the law library, and hence access to the courts, is legally frivolous, because he has alleged no facts indicating that he was thereby prejudiced. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Grady v. Wilken*, 735 F.2d 303, 306 (8th Cir. 1984).

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to allege that he has suffered an actual injury to his criminal action in state court. And although he has alleged that he does not "trust" his public defender, at this time he has appointed counsel in state court, as verified on Missouri Case.Net. Thus, plaintiff is adequately represented in his criminal matter. *See State v. Moore*, Case No. 1622-CR00169-01 (22nd Judicial Circuit).

To the extent plaintiff has attempted to allege an equal protection claim by stating that one jail in St. Louis City has some legal research capability, while another jail does not, he has failed to do so. A plaintiff must "allege and prove something more than different treatment by

3

government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment").

Furthermore, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). There are no allegations that Francis Slay, Jerome Fields or Jeffery Carson were directly responsible for an injury to plaintiff, i.e. denying him access to legal materials on an individual basis. Rather, these individuals are being sued under the theory of *respondeat superior*. As a result, plaintiff's allegations against defendants fail to state a claim upon which relief can be granted.

Accordingly,

4

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $9.62 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will be filed separately.

Dated this 8th day of November, 2016.

/s/ Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).